U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN - 4 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| PHILANDER BUTLER<br>    FED. REG. NO. 16665-076<br>VS. | CIVIL ACTION NO. 07-1706<br><br>SECTION P<br><br>JUDGE DRELL |
| FREDRICK MENIFEE | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2241) filed on October 15, 2007 by *pro se* petitioner Philander Butler. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Pollock, Louisiana where he is serving a life sentence imposed following his 1999 conviction for possession with intent to distribute cocaine base in the United States District Court for the Western District of Tennessee. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

On May 10, 1999 petitioner was found guilty as charged of possession with intent to distribute cocaine base. Thereafter, he was sentenced to life imprisonment under the enhancement

provisions of 21 U.S.C. §851, evidence having established that petitioner had been convicted of three prior felonies in Tennessee. See <u>United States v. Philander Butler</u>, 2:99-cr-20009 (W.D.Tenn.)

On January 25, 2001 his conviction was affirmed by the United States Sixth Circuit Court of Appeals. See <u>United States v. Butler</u>, 3 Fed. Appx. 264, 2001 WL 92116(6th Cir. 2001)(unpublished).

On June 28, 2001 petitioner filed a Motion to Vacate Sentence pursuant to 28 U.S.C. §2255. On May 13, 2003 his motion was denied. <u>Philander Butler v. United States</u>, 2:01-cv-02507 (W.D.Tenn.) His attempts in the district court and the court of appeal to obtain a Certificate of Appealability were denied. *Id.*, see also <u>Butler v. United States</u>, No. 03-5769 (6th Cir. 2/12/2004). His petition for writ of *certiorari* was also denied. <u>Butler v. United States</u>, 543 U.S. 914, 125 S.Ct. 143, 160 L.Ed.2d 196 (October 4, 2004).

His attempt to file a second or successive Motion under 28 U.S.C. §2255 also proved unsuccessful. <u>In re: Philander Butler</u>, No. 05-6872 (6th cir. 5/31/2006).

On October 15, 2007 he filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner claims that he is entitled to proceed under that statute because the Supreme Court's December 5, 2006 decision in <u>Lopez v. Gonzales</u>,

___ U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) "...decriminalizes the conduct for which his prior state convictions were used to enhance his sentence as a career offender, and involves a 'fundamental defect' during sentencing where Petitioner had no opportunity to obtain judicial correction of the defect earlier because the Lopez decision had not been issued when Petitioner filed his direct appeal and prior 2255 motions." [doc. 1-3, p. 2]

### Law and Analysis

The initial inquiry is whether petitioner's claims may be properly raised in a §2241 *habeas corpus* petition. Section 2241 is generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, 28 U.S.C. §2255, provides the process which allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy § 2255's "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 but only if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C.

§ 2255. A prisoner seeking such relief under the "savings clause" must also establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. Reyes-Requena, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

Petitioner attacks the legality of the life sentence imposed pursuant to 21 U.S.C. §851. He implies that the prior state court convictions, although felonies under Tennessee law, were insufficient to warrant enhancement under §851; and, he further implies that the Supreme Court's decision in Lopez v. Gonzales, ___ U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) authorizes him to collaterally attack his sentence in a *habeas corpus* proceeding filed pursuant to §2241.

In essence, petitioner contends that his sentence was imposed in violation of the Constitution and laws of the United States. Such claims are more properly raised in a Motion to Vacate filed pursuant to §2255. Therefore, petitioner may bring the instant *habeas* action only if he can demonstrate that §2255's remedy is inadequate or ineffective to test the legality of his

detention; and that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.

Petitioner concedes that Lopez v. Gonzales, ___ U.S. ___, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) is a not a retroactively applicable Supreme Court decision which establishes that he is actually innocent of his sentence. [see doc. 1-3, p. 2, "Lopez announced only a new statutory interpretation, not a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court ... The Supreme Court has not expressly declared Lopez to be retroactive on collateral review..."] Therefore, by his own admission, he is not entitled to proceed under §2241.

However, even if the case relied upon were to be given retroactive application, petitioner's reliance upon that case would be misplaced. In Lopez, supra, the petitioner, who was a legal permanent resident, was convicted in South Dakota of aiding and abetting another person's possession of cocaine and sentenced to serve five years imprisonment. Upon his release, the government commenced removal proceedings on the theory that petitioner had been convicted of a controlled substance violation and an aggravated felony under 8 U.S.C. §1227(a)(2)(B)(i) and

§1227(a)(2)(A)(iii). Lopez contested the finding that his state conviction was an "aggravated felony" because under the INA, he would have been guilty of such an offense only if he had been convicted of "illicit trafficking in a controlled substance" which has been interpreted to mean a drug related offense which would be a felony under the federal Controlled Substance Act. The Court concluded that while simple possession of cocaine was a felony in South Dakota, simple possession of cocaine is not a felony under federal law and therefore not an "aggravated felony" under the INA. Lopez, 127 S.Ct. At 633.

That reasoning does not apply to petitioner's case. Petitioner's sentence was enhanced in accordance with the provisions of 21 U.S.C. §841 et seq. Under the provisions of those statutes, federal courts look to whether or not the federal defendant has been convicted of a prior "felony drug offense" in order to determine whether an enhancement of sentence is appropriate. The term "felony drug offense" is, in turn, statutorily defined in §802(44) as "... an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs..." Petitioner admits, and the exhibits tendered establish, that the predicate offenses complained of herein were felonies under Tennessee law. Petitioner's sentence was not enhanced under the

Federal Sentencing Guidelines, but rather under the provisions of 21 U.S.C. §841 *et seq.*; therefore, his prior felony convictions could be considered "felony drug offense[s]" under the enhancement statute. Compare <u>United States of America v. James Sandle</u>, 123 F.3d 809 (5th Cir. 1997). Further, since the resolution of petitioner's predicament does not turn on an interpretation of the "aggravated felony" provisions of the INA, <u>Lopez</u>, *supra*, does not apply.

In short, since petitioner has pointed to no retroactively applicable Supreme Court decision which establish that he was convicted of a nonexistent offense nor shown that his present claims were foreclosed by Circuit law at the time when they should have been raised either at his trial, appeal, or his previously filed Motions to Vacate, his *habeas corpus* petition must be dismissed.

Accordingly,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Alexandria, Louisiana, this 3rd day of January, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE